**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOHNATHAN JOHNSON,**

                    **Plaintiff,**

  **vs.**                                          **9:14-CV-916
                                                        (MAD/DEP)**

**BRIAN GAGNON, DANIEL DUMAS, BRIAN
GRANT, BRIAN CLARK, FRANCIS JARVIS,
WENDY SEYMOUR, RICHARD LIEBFRED,
JOHN TATRO, JERRY LARAMAY, REGINAL
BISHOP, DONALD UHLER, DAVID ROCK,
JOSEPH BELLNIER, GAYLE HAPONIK,
ANTHONY ANNUCCI, MAUREEN BOLL,
CARL KOENIGSMANN, JEFF MCKOY, and
AARON BEANE,**

                    **Defendants.**

_____

**APPEARANCES:**

**JOHNATHAN JOHNSON**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                        **DAVID J. SLEIGHT, AAG**
**STATE ATTORNEY GENERAL**
Main Place Tower
350 Main Street, Suite 300A
Buffalo, New York 14202
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

                        **MEMORANDUM-DECISION AND ORDER
                                    I. INTRODUCTION**

Plaintiff *pro se* Johnathan Johnson, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brought this action in New York state court pursuant to 42 U.S.C. § 1983 alleging that Defendants, nineteen DOCCS employees, violated his constitutional rights under the First and Eighth Amendments. *See* Dkt. No. 4. Plaintiff alleges that Defendants deprived him of his constitutional rights by, *inter alia*, interfering with his doctor-ordered meals, conducting cell searches, destroying legal court documents, and physically assaulting him in retaliation for his filing of grievance complaints, as well as failing to take corrective action to prevent further retaliatory conduct. *See id.*[1] On July 24, 2014, Defendants removed the action to this court. *See* Dkt. No. 1.

Defendants have moved to dismiss Plaintiff's claims against Defendants Rock, Bishop, Uhler, Laramay, Bellnier, Haponik, Annucci, Boll, Koenigsmann, McKoy, Clark, and Grant pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 2. Defendants argue that dismissal is warranted because Plaintiff has failed to allege that the above-named defendants were personally involved in a violation of Plaintiff's constitutional rights. *See id.* Plaintiff opposes the motion. *See* Dkt. No. 6. Plaintiff has also moved to remand the action to state court. *See* Dkt. No. 7. Defendants oppose remand. *See* Dkt. No. 10.

In a Report and Recommendation dated February 26, 2015, Magistrate Judge Peebles recommended that the Court deny Plaintiff's motion to remand. Dkt. No. 12 at 3. Magistrate Judge Peebles first concluded that Defendants' removal was timely under 28 U.S.C. § 1446(b) because Defendants Leibfred, Koenigsmann, and McKoy filed the notice of removal within thirty

---

[1] For a complete summary of the relevant facts and procedural background, the Court refers to Magistrate Judge Peebles' February 26, 2015 Report and Recommendation. *See* Dkt. No. 12 at 3-9.

days of being served the summons and complaint. *See id.* at 9-12. Magistrate Judge Peebles further determined that removal was proper because all of the Defendants consented to removal except for Defendant Grant, who has not yet been properly served. *See id.* at 11-12, 12 n.6. Magistrate Judge Peebles also found that remand is not mandated by the fact that Plaintiff is barred from proceeding in federal court *in forma pauperis*. *Id.* at 12 n.6.

In addition, Magistrate Judge Peebles recommended that the Court grant Defendants' partial motion to dismiss. *Id.* at 3. Magistrate Judge Peebles determined that Plaintiff's complaint failed to allege facts plausibly suggesting that Defendants Clark and Grant violated Plaintiff's rights. *Id.* at 17. Magistrate Judge Peebles additionally determined that Plaintiff failed to allege facts plausibly suggesting that Defendants Rock, Bishop, Uhler, Laramay, Bellnier, Haponik, Annucci, Boll, Keonigsmann, and McKoy were personally involved in the alleged violations of Plaintiff's constitutional rights. *See id.* at 17-21. Magistrate Judge Peebles recommended that Plaintiff be granted leave to amend his complaint to address the deficiencies identified in the Report and Recommendation. *Id.* at 23.

Plaintiff timely submitted objections to the Report and Recommendation on March 6, 2015. *See* Dkt. No. 13. Plaintiff's primary objection is that Magistrate Judge Peebles erred in concluding that Defendant Grant has not been properly served and that his consent was therefore not required for proper removal. *See id.* at 3-7. Plaintiff also contends that the allegations in his original complaint sufficiently state constitutional violations by each defendant and that amendment is thus unnecessary. *See id.* at 8.

## II. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

**B.     Motion To Remand**

Plaintiff argues that Magistrate Judge Peebles incorrectly determined that Defendant Grant was not properly served. *See* Dkt. No. 13 at 3-7. Plaintiff filed a summons and complaint with the Franklin County Clerk's Office on October 18, 2013. *See* Dkt. No. 1-1. On December 6, 2013, Plaintiff filed a motion for default judgment against thirteen of the defendants. *See* Dkt. No. 1-7. On December 13, 2013, Defendants Grant, Liebfred, Koenigsmann, and McKoy opposed Plaintiff's motion for default judgment, asserting that they had not been properly served. *See* Dkt. No. 1-8.[2]

In a Decision and Order dated April 21, 2014, Franklin County Supreme Court Justice John T. Ellis denied Plaintiff's motion for default judgment. *See* Dkt. No. 1-11. Justice Ellis determined that Plaintiff's method of service – mailing the summons and complaint to Defendants at their actual place of business – was defective, and therefore Plaintiff was not entitled to default

---

[2] The other nine defendants named in Plaintiff's motion for default judgment filed answers to Plaintiff's complaint on December 5 and 6, 2014, before Plaintiff's motion was filed with the Court. *See* Dkt. Nos. 5, 6.

judgment. *See id.* at 6-9. Justice Ellis then granted Plaintiff an extension of time to serve the defendants who had not yet filed answers. *Id.* at 8. Justice Ellis appears to have mistakenly omitted reference to Defendant Grant from the Decision and Order. *See id.* at 6. ("Plaintiff moves for a default judgment, arguing that named defendant[s] Carl Koenigsman[n], Jeff McKoy, and Richard Liebfred have failed to timely file an Answer to the Complaint.").

In a Decision and Order dated June 17, 2014, Justice Ellis authorized Plaintiff to use an alternate method of service. *See* Dkt. No. 1-13. Specifically, Justice Ellis authorized Plaintiff to serve the remaining defendants by mailing the summons and complaint via first class mail to each defendant individually at his place of employment and to the Office of the Attorney General. *See id.* at 2.

According to Defendants, Plaintiff served Defendants Liebfred, Koenigsmann, and McKoy by mail on June 24, 2014. Dkt. No. 1 at 4. Counsel for the defendants except for Defendant Grant "attempted to determine whether Plaintiff attempted to serve Defendant Grant by mail at Upstate Correctional Facility. A DOCCS official stated that there is no record of service." *Id.* at 4 n.1. Defendant Grant has not appeared in this action.[3]

In his motion to remand, Plaintiff asserted that he served Defendant Grant on November 4, 2013. Dkt. No. 7 at 5. Plaintiff's motion for default judgment indicated that Plaintiff served Defendant Grant on November 4, 2013 by mailing the summons and complaint to Defendant Grant's place of business. *See* Dkt. No. 1-7 at 4-5. As Justice Ellis explained in his April 21, 2014 Decision and Order, this form of service does not satisfy any of New York's statutory methods for obtaining personal jurisdiction over individuals. *See* Dkt. No. 1-11 at 7. Plaintiff

---

[3] Defense counsel appeared for Defendant Grant in opposition to Plaintiff's motion for default judgment solely for the limited purpose of contesting the court's personal jurisdiction. *See* Dkt. No. 1-8 at 3.

argues that Justice Ellis did not hold that Plaintiff failed to properly serve Defendant Grant. *See* Dkt. No. 7 at 5. However, Justice Ellis's apparent inadvertent omission of Defendant Grant from the text of the Decision and Order does not change the fact that Plaintiff's November 4, 2013 method of service on Defendant Grant was defective.

Plaintiff argues for the first time in his objections to Magistrate Judge Peebles' Report and Recommendation that he "re[-]served" Defendant Grant on June 24, 2014. *See* Dkt. No. 13 at 4-5. The Court has no basis for concluding that Defendant Grant was properly served on this date. The summons and complaint to which Plaintiff refers the Court as proof of service on Defendant Grant is addressed generally to all named defendants. *See* Dkt. No. 1-14. As the Court discussed above, Defendants assert that Defendant Grant was not served on this date and that the summons and complaint Plaintiff refers to were served only on Defendants Liebfred, Koenigsmann, and McKoy. *See* Dkt. No. 1 at 4 n.1; Dkt. No. 12 at 12 n. 6. The Court also notes that Plaintiff's position in his motion to remand was that Plaintiff properly served Defendant Grant on November 4, 2013, with no mention of service on June 24, 2014. *See* Dkt. No. 7 at 5.

Plaintiff's confusion as to whether his initial service on Defendant Grant was effective is understandable in light of the omission of Defendant Grant from the April 21, 2014 Decision and Order. Nonetheless, because Defendant Grant has not yet been properly served, his consent was not required for removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). Furthermore, the Court finds that Magistrate Judge Peebles correctly determined that Defendants properly filed a notice of removal within thirty days of service upon Defendants Leibfred, Koenigsmann, and McKoy. Additionally, Magistrate Judge Peebles also correctly determined that Plaintiff's status in regards to proceeding *in forma pauperis*

in federal court does not mandate remand. Therefore, the Court denies Plaintiff's motion to remand this action to state court.

**C.     Motion To Dismiss**

Plaintiff contends that Magistrate Judge Peebles' Report and Recommendation "failed to address the personal involvement issues raised therewith [Plaintiff's] opposition [to Defendants' motion to dismiss]." Dkt. No. 13 at 3. Plaintiff asserts that his objection is directed to Magistrate Judge Peebles' finding of fact. *See id.* In ruling on a Rule 12(b)(6) dismissal motion, the court must "accept all factual allegations as true and draw every reasonable inference from those facts in the plaintiff's favor." *Mayor & City Council of Baltimore v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013). "To survive dismissal, a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Importantly, the 'plausibility' standard applies only to a complaint's factual allegations. We give no effect at all to 'legal conclusions couched as factual allegations.'" *Id.* (quoting *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007)). "[W]hen the plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

Upon review, the Court finds that Magistrate Judge Peebles correctly applied the Rule 12(b)(6) standards and found that the allegations in Plaintiff's complaint, if true, did not plausibly allege that Defendants Clark, Grant, Rock, Bishop, Uhler, Laramay, Bellnier, Haponik, Annucci, Boll, Koenigsmann, and McKoy were personally involved in a deprivation of Plaintiff's constitutional rights. Plaintiff fails to identify any specific issues or factual allegations he asserted that Magistrate Judge Peebles overlooked in his analysis of Plaintiff's claims. Moreover,

having closely reviewed Plaintiff's complaint and opposition to Defendant's motion to dismiss, the Court concludes that Magistrate Judge Peebles' Report and Recommendation contains a thorough analysis of all of Plaintiff's factual allegations and arguments in support of his claims.

Based on the foregoing, the Court finds that Magistrate Judge Peebles correctly determined that the factual allegations in Plaintiff's complaint do not state a plausible claim for relief against the twelve above-named defendants for the reasons stated in the Report and Recommendation. The Court also finds that Magistrate Judge Peebles correctly concluded that Plaintiff should be granted leave to amend his complaint to remedy its factual deficiencies. *See Shomo v. City of New York*, 579 F.3d 176, 184 (2d Cir. 2009) (remanding on the basis that a plaintiff should have been permitted to replead his claims where the plaintiff had failed to sufficiently allege personal involvement). As such, the Court grants Defendants' motion to dismiss Plaintiff's claims against Defendants Rock, Bishop, Uhler, Laramay, Bellnier, Haponik, Annucci, Boll, Koenigsmann, McKoy, Clark, and Grant with leave to replead.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' February 26, 2015 Report and Recommendation (Dkt. No. 12) is **ADOPTED** in its entirety for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's motion to remand this action to state court (Dkt. No. 7) is **DENIED**; and the Court further

**ORDERS** that Defendants' motion for partial dismissal of Plaintiff's complaint (Dkt. No. 2) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Rock, Bishop, Uhler, Laramay, Bellnier, Haponik, Annucci, Boll, Koenigsmann, McKoy, Clark, and Grant are **DISMISSED with leave to replead**;[4] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 19, 2015
      Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge

---

[4] As a result of this Order, should Plaintiff choose not to file an amended complaint, Plaintiff's remaining claims are those asserted against Defendants Gagnon, Dumas, Jarvis, Seymour, Liebfred, Tatro, and Beane.