**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOHNATHAN JOHNSON,**

         **Plaintiff,**

 **vs.**               **9:14-cv-916
                    (MAD/DEP)**

**BRIAN GAGNON, et al.,**

          **Defendants.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**JOHNATHAN JOHNSON
89-A-1042**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff, *pro se*

**NEW YORK STATE ATTORNEY GENERAL** **RYAN L. BELKA, AAG.**
**BUFFALO OFFICE**           **DAVID J. SLEIGHT, AAG.**
Main Place Tower
350 Main Street
Suite 300A
Buffalo, New York 14202
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Currently before the Court is Magistrate Judge Peebles' August 29, 2016 Report and

Recommendation, to which *pro se* Plaintiff Johnathan Johnson ("Plaintiff") has filed timely

objections. *See* Dkt. Nos. 38, 39, 40.

### II. BACKGROUND

In a complaint dated October 18, 2013, which was removed from State Supreme Court to this Court on July 24, 2014, Plaintiff generally alleged that several employees of the New York State Department of Corrections and Community Supervision ("DOCCS") tampered with his medically prescribed food, unlawfully searched his cell, destroyed legal papers, confiscated his prescription medications, assaulted him, and retaliated against him for having filed grievances concerning the conditions of his confinement. *See* Dkt. No. 4. Plaintiff contends that these actions were in retaliation for his filing grievances against certain corrections officers at DOCCS while he was incarcerated at the Upstate Correctional Facility ("Upstate"). *Id.* at 3.[1]

Defendants moved to partially dismiss Plaintiff's complaint on July 30, 2014. *See* Dkt. No. 2. On March 19, 2015, the Court adopted a Magistrate Judge Peebles Report and Recommendation granting Defendants' partial motion to dismiss. *See* Dkt. Nos. 12, 14. Following this decision, six causes of action against seven named Defendants remained pending. As Magistrate Judge Peebles explained, the remaining causes of actions are as follows:

> (1) deliberate medical indifference against defendants Dumas, Gagnon, Beane, Seymour, and Jarvis; (2) retaliation against Defendants Dumas and Gagnon; (3) excessive force and state-law assault and battery against defendants Dumas, Gagnon, Tatro, and Liebfred; (4) conspiracy to commit excessive force and assault and battery against defendants Dumas, Gagnon, Tatro, and Liebfred; (5) unlawful cell search asserted against defendants Seymour and Jarvis; and (6) access to courts claim asserted against defendants Seymour and Jarvis.

Dkt. No. 38 at 6.

Following the close of discovery, Defendants moved for summary judgment seeking dismissal of Plaintiff's remaining claims. *See* Dkt. No. 34. Generally, Defendants assert that the

---

[1] The Court assumes the parties' familiarity with the expanded factual background detailed in Magistrate Judge Peebles' Report and Recommendation. *See* Dkt. No. 38 at 3-5.

record evidence does not give rise to a genuine dispute of material fact with respect to any of Plaintiff's causes of action. In an August 29, 2016 Report and Recommendation, Magistrate Judge Peebles recommended that the Court grant Defendants' motion in part and deny in part, allowing certain Defendants to file another motion for summary judgment with respect to the remaining claims. *See* Dkt. No. 38 at 30. Specifically, Magistrate Judge Peebles found that (1) Defendants' motion should be granted for Plaintiff's medical indifference claim against Defendants Dumas, Gagnon, Beane, and Jarvis, (2) Plaintiff's retaliation claims against Defendants Dumas and Gagnon should be dismissed, (3) an issue of fact remained as to Plaintiff's excessive force and assault and battery claims against Defendants Dumas, Liebfred, Gagnon, and Tatro, (4) Plaintiff's unlawful cell search claims against Defendants Seymour and Jarvis are unsubstantiated, and (5) Defendants should be permitted to file a successive motion for summary judgment on Plaintiff's conspiracy to use excessive force and to commit assault and battery claims and for his access to court claim.

Plaintiff filed objections to the Report and Recommendation on September 6, 2016. *See* Dkt. No. 39. Plaintiff's objection argues that Magistrate Judge Peebles' Report and Recommendation should be set aside because of his personal bias against Plaintiff. *Id.* at 1. Further, Plaintiff contends that Defendants have not shown good cause for why they should be allowed to file a subsequent motion for summary judgment. *Id.* at 3.

For the reasons stated herein, Magistrate Judge Peebles' Report and Recommendation is adopted in part and rejected in part.

### III. DISCUSSION

**A.** **Standard of Review**

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.    Plaintiff's Objections**

*1. Bias*

Plaintiff contends that Magistrate Judge Peebles' entire Report and Recommendation should be set aside because of his personal bias against Plaintiff. *See* Dkt. No. 39 at 1. While Plaintiff has failed to allege a specific basis to base this objection, 28 U.S.C. §§ 144 & 455 both provide for the disqualification of a judge because of a personal bias or prejudice. Section 144 provides that a party may raise the question of bias of the presiding judge by raising questions of "personal bias or prejudice either against [the moving party] or in favor of any adverse party." 28 U.S.C. § 144. Similarly, Section 455 provides that a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Id.* at § 455(a). Section 455(b) lists several specific circumstances in which a judge must disqualify himself from a proceeding, none of which are applicable in this case. *Id.* at § 455(b). Importantly, "under section 455(a) the bias to be established must be extrajudicial and not based upon in-court rulings." *In re Int'l Bus. Machines Corp.*, 618 F.2d 923, 929 (2d Cir. 1980).

Here, Plaintiff has not offered any explanation into why Magistrate Judge Peebles may be biased in the instant action except for a citation to a previous case that Plaintiff had filed against other prison officials. *See* Dkt. No. 39 at 3 (citing *Johnson v. Adams*, 9:14-cv-811, at *30-31). Plaintiff has not explained why this previous case presents evidence of bias by Magistrate Judge Peebles or any other reason that Magistrate Judge Peebles should be disqualified from considering issues on this case. Accordingly, Plaintiff's objection on this ground is denied.

### *2. Successive Summary Judgment Motion*

Plaintiff cites *Whitford v. Gobli*, 63 F.3d 527, 530 (7th Cir. 1995), for the proposition that "[t]he district court may in its discretion allow a party to . . . file a successive motion, particularly if good reasons exist." Dkt. No. 39 at 3. Plaintiff argues that Defendants Dumas, Liebfred, Gagnon, and Tatro have not shown good cause as to why they should be allowed to file a subsequent motion for summary judgment. *Id.*

"[D]istrict courts enjoy considerable discretion in entertaining successive dispositive motions." *Sira v. Morton*, 380 F.3d 57, 68 (2d Cir. 2004). However, "it is improper for a party to file a successive motion for summary judgment which is not based upon new facts and which seeks to raise arguments it could have raised in its original motion." *Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc.*, 221 F.R.D. 409, 409 (S.D.N.Y. 2004) (citation omitted); *see also Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012) ("[S]uccessive motions for summary judgment may be procedurally improper if the arguments in the second motion could have been raised in the first motion").

Defendants' opposition to Plaintiff's objections presents three arguments for why they should be allowed to file a successive motion for summary judgment. First, Defendants contend that "Plaintiff has provided no evidence for his conspiracy claim and, as a result, a successive

5

motion is likely to result in those claims being dismissed accomplishing the well-recognized judicial policy of conservation of judicial resources . . . ." Dkt. No. 40 at 2. Defendants have not cited any precedent that stands for the proposition that successive motions are appropriate simply because the party seeking the motion believes that the opposing party's claims are without merit. In *Jackson v. Goord*, No. 06-CV-6172, 2013 WL 1560204, *5 (W.D.N.Y. April 10, 2013), the Western District concluded that certain DOCCS employees who were implicated in a prisoner's civil rights action could not file a successive motion for summary judgment after the court determined that their first attempt was legally insufficient. There, the Defendants argued that they had "miscalculat[ed] . . . what was needed to obtain summary judgment [and] . . . defendants acted promptly to try to resubmit to address the deficiencies in the original motion." *Id.* In rejecting the defendants argument that they should be allowed to submit a successive motion for summary judgment because, with another attempt at meeting the summary judgment standard, they argued that their motion would undoubtedly be granted, the Western District held that parties "should not be allowed to bring" a "second or successive dispositive motion to correct deficiencies in the original motion." *Id.* (collecting cases). The Court finds that Defendants' argument on this ground is unpersuasive. If a defendant were allowed to submit successive summary judgment motions on issues neglected in the first instance simply because they assert that the plaintiff's claims lack merit, then it would essentially remove the incentive for filing a well-reasoned motion that puts forth a party's most persuasive arguments in the first instance. Such a holding would undoubtedly lead to a dramatic increase in successive motions from parties who, whether because of simple oversight or active neglect, failed to satisfy their burdens on their first attempt at summary judgment. This practice would lead to the piecemeal and repetitive consideration of dispositive motions, thereby unnecessarily consuming the judicial resources that

6

Defendants now assert they are trying to conserve. Moreover, allowing Defendants to make a second summary judgment motion in this case, even if successful, would not entirely avoid this case going to trial as Plaintiff has alleged viable excessive use of force and assault and battery claims that survive the instant motion. Further, Defendants were already granted a 90 day extension to file their instant motion, thereby having had ample opportunity to respond to all of Plaintiff's claims. *See* Dkt. No. 32. Accordingly, the Court finds that Defendants' argument that they should be allowed to file a successive motion for summary judgment because, in their opinion, Plaintiff's claims lack merit, does not establish good cause for the granting of such relief.

Second, Defendants argue that their failure to move for summary judgment on Plaintiff's conspiracy to use excessive force and to commit assault and battery and access to courts claims was not a conscious decision to ignore those claims, but "was purely an oversight." Dkt. No. 40 at 2 n.2. Defendants base this argument on the ground that "these two 'claims' exist, mostly, as a result of Plaintiff's handwritten *pro-se* Complaint being liberally construed and not because they were clearly articulated in the Complaint." *Id.* While the Court did not specifically articulate the claims contained in Plaintiff's complaint in its March 19, 2015 Memorandum-Decision and Order on Defendants' motion to dismiss, Defendants' argument on this ground is unpersuasive. Plaintiff's complaint, although handwritten and oftentimes vague and conclusory, clearly articulates his conspiracy and access to courts claims. Plaintiff's complaint alleges that certain Defendants "engaged in destroying legal court documents . . . interfering with Plaintiff's rights to access the courts[, which] has made it impossible for Plaintiff[] to timely file appeals . . . ." Dkt. No. 4 at ¶ 5. Concerning the conspiracy claims, the complaint alleges that Defendants Dumas, Liebfred, Gagnon, and Tatro "had all conspired together to assault and 'battery' Plaintiff[] during a cell-search of his cell." *Id.* at ¶ 9. Thus, Plaintiff's conspiracy and access to courts claims were

not merely created by Magistrate Judge Peebles upon his review of Plaintiff's complaint, rather they were clearly articulated therein, such that Defendants were on notice that they should have moved for summary judgment on these claims.

Lastly, Defendants argue, again without any citation, that "good cause is merely notable, not required, for the exercise of this Court's discretion, as noted by Plaintiff's lone legal citation." Dkt. No. 40 at 2. The legal citation referenced in Defendant's opposition is to *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995), which Plaintiff quoted as holding that "[t]he district court may in its discretion allow a party to . . . file a successive motion, particularly if good reasons exist." Dkt. No. 39 at 3. Defendants' argument that good cause is merely notable and not required by this decision is belied by a further reading of the Seventh Circuit's decision. That court stated that a successive motion for summary judgment is especially appropriate under three listed circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or prevent manifest injustice." *Whiteford*, 63 F.3d at 530 (quotation omitted). Accordingly, the Seventh Circuit case relied upon by Plaintiff does necessarily differ from the Second Circuit's precedent that a successive motion for summary judgment may not be presented absent some change in circumstances that would warrant such a successive pleading, apart from merely failing to include certain arguments in the initial motion. Thus, the Court finds that Defendants were required to state good cause for why they should be allowed to file a successive motion, which they have failed to do in this case. Moreover, Defendants' attempt to shift the burden to require Plaintiff to establish a compelling reason why a successive motion should not be allowed is not supported by Second Circuit precedent, which requires a defendant to establish good cause. *See* Dkt. No. 40 at 3 (arguing that "Plaintiff's failure to provide any compelling reason to not provide deference to

8

judicially exercised discretion to allow a successive dispositive motion filed on two specific non-meritorious claims" should be grounds for granting Defendants' request). Accordingly, the Court finds that Magistrate Judge Peebles erred in allowing Defendants the opportunity to file a successive motion for summary judgment on Plaintiff's access to courts and conspiracy to use excessive force and to commit assault and battery claims because the reasons that Defendants failed to address these claims in their first motion was not addressed.

**C.    Remaining Claims**

Upon reviewing the remainder of Magistrate Judge Peebles Report and Recommendation that has not been objected to, the Court finds that the recommendations stated therein are not clearly erroneous.

Magistrate Judge Peebles correctly found that the removal of the meat portions of Plaintiff's meals on two occasions and being denied dinner on one occasion are not sufficiently serious deprivations to sustain an Eighth Amendment claim. There was no indication in the record that the removal of the meat portions of Plaintiff's meals would cause problems with his food allergies. As Magistrate Judge Peebles noted, "it does not logically follow that removing a food item from a meal designed to avoid food allergies would create a serious risk to an inmate's health and safety." Dkt. No. 38 at 13. Further, Magistrate Judge Peebles correctly concluded that the record is devoid of any evidence showing that Defendants Dumas, Gagnon, Jarvis, and Beane were aware of Plaintiff's medical needs or how his meals related to those medical needs. *See id.* at 14. Accordingly, no reasonable juror could conclude that these Defendants acted with deliberate indifference toward Plaintiff's alleged serious medical needs.

Next, Magistrate Judge Peebles correctly determined that Plaintiff's retaliation claim should be dismissed. The record evidence shows that only one of Plaintiff's meals was tampered

9

with after Defendants were aware of his grievances. *See Fann v. Arnold*, No. 14-CV-6187, 2016 WL 2858927, *1 (W.D.N.Y. May 16, 2016) ("[T]he alleged deprivation of one meal was insufficient to constitute adverse action to satisfy the second element of the [retaliation] claim"). Likewise, no evidence in the record supports Plaintiff's contention that Defendants subjected him to retaliatory cell searches. *See* Dkt. No. 38 at 18-19.

Magistrate Judge Peebles recommended that Defendants' motion be denied as to Plaintiff's excessive force and assault and battery claims asserted against Defendants Dumas, Liebfred, Gagnon, and Tatro. *See* Dkt. No. 38 at 26. Specifically, Magistrate Judge Peebles found that there was a question of fact as to whether Defendant Dumas or Plaintiff initiated the altercation that led to his injuries. Plaintiff contends that Defendant Dumas pushed him into his cell, with Defendant Liebfred following into the cell, and beat Plaintiff while Defendants Gagnon and Tatro stood outside of the cell and failed to intervene in the altercation. Defendants contend that Plaintiff pulled Defendant Dumas into his cell, which required the intervention of Defendant Liebfred to help subdue Plaintiff after this violent outburst. The video evidence shows only that Defendants Dumas and Liebfred entered Plaintiff's cell while Gagnon and Tatro stood outside, it does not provide a clear depiction of who was the initial aggressor. Accordingly, Magistrate Judge Peebles correctly determined that a question of fact exists as to whether Defendants Gagnon and Tatro's failure to intervene and Defendant Dumas and Liebfred's use of force, which included smashing Plaintiff's face against a metal plate, kicking Plaintiff in the face, and fracturing his jaw, were reasonable actions. Dkt. No. 38 at 26.

Lastly, Magistrate Judge Peebles correctly found that Plaintiff's claims of unlawful cell searches did not support Fourth or Eighth Amendment claims. Specifically, prison inmates do not have a Fourth Amendment expectation of privacy in their cells. *Hudson v. Palmer*, 468 U.S. 517,

526 (1984). Moreover, a single, unannounced cell search does not constitute Eighth Amendment cruel and unusual punishment. *See, e.g.*, *Lashley v. Wakefield*, 367 F. Supp. 2d 461, 470 (W.D.N.Y. 2005). With respect to the allegation that Defendants confiscated Plaintiff's prescription medicine, Plaintiff has not shown what medicine that was, what condition it was for, or that it was likely to cause a serious medical condition sufficient to state an Eighth Amendment medical indifference claim.

### IV. CONCLUSION

After carefully reviewing the parties' submissions, Magistrate Judge Peebles' August 29, 2016 Report and Recommendation, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 29, 2016 Report and Recommendation (Dkt. No. 38) is **ADOPTED** in part and **REJECTED** in part for the reasons set for herein; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in part, as set forth herein,[2] and the Court further

---

[2] Plaintiff's excessive force and assault and battery claims asserted against Defendants Dumas, Liebfred, Gagnon, and Tatro survive the instant motion for summary judgment and are trial ready. Plaintiff's conspiracy to use excessive force and to commit assault and battery claims against Defendants Dumas, Liebfred, Gagnon, and Tatro, as well as his access to court claim against Defendants Seymour and Jarvis also survive the instant motion due to Defendants' failure to address these claims in their motion.

11

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 28, 2016
       Albany, New York

Mae A. D'Agostino
U.S. District Judge